TROY LAW, PLLC
*Attorneys for the Plaintiffs, and proposed FLSA Collective*

John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    718) 762-1324
Fax:   (718) 762-1342

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
──────────────────────────────────X

KUM KHWAI LUO LEONG
         a/k/a Michelle Leong
  *on behalf of herself and others similarly situated*
                                              Plaintiff,
                            v.
UTOPIA HOME CARE, INC.
         d/b/a Utopia Home Care,
UTOPIA COMPANION SERVICES, INC.
         d/b/a Utopia Home Care
MANUEL F. MARTINEZ,
ANGELINA MARTINEZ,
DAVID MARTINEZ and
DIANE MARTINEZ
                                              Defendants.
──────────────────────────────────X

**Case No:** 15-cv-5080

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**

**COMPLAINT**

Plaintiff KUM KHWAI LUO LEONG a/k/a Michelle Leong (hereafter referred to as "Plaintiff"), on behalf of herself and other similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants UTOPIA HOME CARE, INC. d/b/a Utopia Home Care, UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care, MANUEL F. MARTINEZ, ANGELINA MARTINEZ, DAVID MARTINEZ and DIANE MARTINEZ (collectively as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of herself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act,

("FLSA") 29 U.S.C. § 201 *et seq.)*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA by engaging in a pattern and practice of owing its employee wages and failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiff and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff KUM KHWAI LUO LEONG a/k/a Michelle Leong ("LEONG") was employed by UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care and UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care, located at 60 E Main Street,

Kings Park, NY 11754 as a Home Health Aide, whose task include assisting with personal hygiene, such as toileting, showering, bathing, dressing and feeding patients, housekeeping, meal preparation, assistance in/out of bed, walking, transferring and position patients.

## DEFENDANTS

*Corporate Defendant*

8. Defendant UTOPIA HOME CARE, INC. d/b/a Utopia Home Care is a domestic business corporation organized under the laws of the State of New York with a principal address at 60 E Main Street, Kings Park, NY 11754.

9. Upon information and belief, UTOPIA HOME CARE, INC. d/b/a Utopia Home Care engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10. Defendant UTOPIA HOME CARE, INC. d/b/a Utopia Home Care is a domestic business corporation organized under the laws of the State of New York with a principal address at 60 E Main Street, Kings Park, NY 11754.

11. Defendant UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care is a domestic business corporation organized under the laws of the State of New York with a principal address at 60 E Main Street, Kings Park, NY 11754.

12. Upon information and belief, UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. Upon information and belief, UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care purchased and handled goods moved in interstate commerce.

14. Utopia Home Care is a business dedicated to provide "quality, compassionate care on a schedule that best fits each client or family's schedule and lifestyle," with headquarters at 60

E Main Street, Kings Park, NY 11754 and branch offices in: CONNECTICUT: Bridgeport, Danbury, East Haven, Meriden, New London, and Stamford; FLORIDA: Lakeland, New Port Richey, Orlando, Ruskin, Sarasota, St Petersburg, Tampa, and Wesley Chapel; Raleigh, NORTH CAROLINA; NEW YORK: Babylon, Elmhurst, Kings Park, Patchogue, Riverhead, Rockville Centre, and Westbury; Wyomissing, PENNSYLVANIA and Charleston, SOUTH CAROLINA since 1983.

15. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by Utopia Home Care.

*Owner/ Operator Defendants*

16. Upon information and belief, MANUEL F. MARTINEZ, as co-founder, co-owner and Chief Executive Officer of UTOPIA HOME CARE, INC. d/b/a Utopia Home Care, has the power to hire and fire employees, determine the rates of pay, work schedule (including work hours and days off), work load and employment terms of all employees at UTOPIA HOME CARE, INC. d/b/a Utopia Home Care.

17. Upon information and belief, MANUEL F. MARTINEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with UTOPIA HOME CARE, INC. d/b/a Utopia Home Care.

18. Upon information and belief, ANGELINA MARTINEZ, as co-founder, co-owner and Secretary/ Treasurer of UTOPIA HOME CARE, INC. d/b/a Utopia Home Care, has the power to hire and fire employees, determine the rates of pay, work schedule (including work hours and days off), work load and employment terms of all employees at UTOPIA HOME CARE, INC. d/b/a Utopia Home Care.

19. Upon information and belief, ANGELINA MARTINEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with UTOPIA HOME CARE, INC. d/b/a Utopia Home Care.

20. Upon information and belief, DAVID MARTINEZ, as co-owner and Chief Executive Officer of UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care has the power to hire and fire employees, determine the rates of pay, work schedule (including work hours and days off), work load and employment terms of all employees at UTOPIA HOME CARE, INC. d/b/a Utopia Home Care.

21. Upon information and belief, DAVID MARTINEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care.

22. Upon information and belief, DIANE MARTINEZ, as co-owner of UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care has the power to hire and fire employees, determine the rates of pay, work schedule (including work hours and days off), work load and employment terms of all employees at UTOPIA HOME CARE, INC. d/b/a Utopia Home Care.

23. Upon information and belief, DIANE MARTINEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care.

24. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions

have been waived.

## STATEMENT OF FACTS

25. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

26. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

27. While employed by Defendants, Plaintiff was not exempt under federal laws requiring employers to pay employees overtime.

28. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

29. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

30. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay, including regular rate and overtime premium rate at one-and-one-half times the regular rate, payday, a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

31. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate federal laws.

32. Defendants did not post the Department of Labor recommended posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### *Plaintiff KUM KHWAI LUO LEONG a/k/a Michelle Leong*

33. In 2009, Plaintiff KUM KHWAI LUO LEONG a/k/a Michelle Leong was hired by Defendants to work as a Home Health Aide of UTOPIA HOME CARE, INC. d/b/a Utopia Home Care, a New York Corporation that operates in Connecticut.

34. Between 2009 and December 2014, Plaintiff KUM KHWAI LUO LEONG a/k/a Michelle Leong was employed as a Home Health Aide of UTOPIA HOME CARE, INC. d/b/a Utopia Home Care.

35. Between on or around December 2014 to February 2015, Plaintiff KUM KHWAI LUO LEONG a/k/a Michelle Leong was employed as a Home Health Aide of UTOPIA COMPANION SERVICES INC. d/b/a Utopia Home Care, a New York Corporation that operates in Connecticut.

36. Between 2009 and on or around December 2013 Plaintiff worked from around 09:00 to 17:00, from Monday through Sunday, with Saturday Off, for six (6) days a week, for an average of forty eight (48) hours each week.

37. Between 2009 and on or around December 2013 Defendants compensated Plaintiffs at one-and-one-half her respective regular rates for work done in excess of forty (40) hours each workweek.

38. On or around September 2011, Defendants stopped paying Plaintiffs at the one-and-one-half times premium rate for her work on Friday, her sixth (6th) day, during which she worked hours beyond forty (40) hours each workweek.

39. Between 2009 and on or around August 2013, Plaintiff was compensated at:

    a. eleven dollars and fifty cents ($11.50) from 09:00 to 11:00 (during which she showered and bathed the patient), on Mondays, Tuesdays, Wednesdays,

   Thursdays, and Fridays

   b. twelve dollars ($12) from 09:00 to 11:00 (during which she showered and bathed the patient), on Sundays;

   c. nine dollars and fifty cents ($9.50), from 11:00 to 17:00 on Mondays, Tuesdays, Wednesdays, Thursdays, and Fridays;

   d. ten dollars ($10.00), from 11:00 to 17:00 on Sundays.

40. Between on or around January 2014 to February 2015, Plaintiff worked between:

   a. 09:00 to 11:00 for two (2) hours, Mondays through Sundays, six (6) days a week with Saturdays Off;

   b. 11:00 to 17:00 for six (6) hours, Mondays through Sundays, six (6) days a week with Saturdays Off; and

   c. 00:00-09:00 on Monday, Wednesday and Friday nights, for twenty seven (27) hours each week.

41. Between on or around January 2014 to February 2015, Plaintiff worked a total of seventy five (75) hours each week.

42. Plaintiff was not paid at the proper overtime premium rate for each hour worked over forty (40) in any given week.

43. Specifically, Defendants did not pay Plaintiff at one-and-one-half times her regular rate for work done in excess of forty (40) each workweek.

44. Instead, Plaintiff was paid at the following hourly rates, summarized in the chart below:

| Week Day | Schedule | # of Hrs | Rate | From $n^{th}$ hr | To |
|---|---|---|---|---|---|
| Monday | 09:00-11:00 | 2 | $ 11.50 | 0 | 2 |
|  | 11:00-17:00 | 6 | $ 9.50 | 2 | 8 |
| Tuesday | 00:00-09:00 | 9 | $ 9.50 | 8 | 17 |
|  | 09:00-11:00 | 2 | $ 11.50 | 17 | 19 |

|           | 11:00-17:00 | 6 | $ 9.50  | 19 | 25 |
|-----------|-------------|---|---------|----|----|
| Wednesday | 09:00-11:00 | 2 | $ 11.50 | 25 | 27 |
|           | 11:00-17:00 | 6 | $ 9.50  | 27 | 33 |
| Thursday  | 00:00-09:00 | 9 | $ 9.50  | 33 | 42 |
|           | 09:00-11:00 | 2 | $ 11.50 | 42 | 44 |
|           | 11:00-17:00 | 6 | $ 9.50  | 44 | 50 |
| Friday    | 00:00-09:00 | 9 | $ 9.50  | 50 | 59 |
|           | 09:00-11:00 | 2 | $ 11.50 | 59 | 61 |
|           | 11:00-17:00 | 6 | $ 9.50  | 61 | 67 |
| Sunday    | 09:00-11:00 | 2 | $ 12.00 | 67 | 69 |
|           | 11:00-17:00 | 6 | $ 10.00 | 69 | 75 |

45. Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. 29 CFR 778.115.

46. Plaintiff's weighted average regular rate is $9.87, but she was not paid at least at one-and-one-half of the minimum wage or her calculated hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last six (6) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least at one-and-one-half times their regular rate for overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## **STATEMENT OF CLAIMS**

### **COUNT I.**
### **[Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

50. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

51. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

52. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

53. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

54. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of

the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

58. Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA to Plaintiff and the Collective Action members plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to unpaid wages, unpaid overtime compensation premium pursuant to New York Labor Law;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
August 31, 2015

                                      TROY LAW, PLLC
                                      *Attorney for the Plaintiffs and*
                                       *proposed FLSA Collective*

                                      /s/      John Troy
                                    John Troy (JT0481)
                                    41-25 Kissena Boulevard Suite 119
                                    Flushing, NY 11355
                                    Tel: (718) 762-1324
                                    Fax: (718) 762-1342
                                    Email: johntroy@pllc.com