## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) KUM KHWAI LUO LEONG, ("Plaintiff"), and (ii) UTOPIA HOME CARE, INC. d/b/a Utopia Home Care, UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care, MANUEL F. MARTINEZ, ANGELINA MARTINEZ, DAVID MARTINEZ and DIANE MARTINEZ, (collectively, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

WHEREAS, Plaintiff was employed by Defendants for certain time periods; and

WHEREAS, on August 31, 2015, Plaintiff KUM KHWAI LUO LEONG, through her attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "NYLL"), EDNY Case No. 15-cv-05080 (the "Complaint"); and

WHEREAS, on June 15, 2016, Plaintiff KUM KHWAI LUO LEONG, filed her First Amended Complaint (the "Amended Complaint"); and

WHEREAS, Defendants deny all claims in Plaintiff's Complaint and Amended Complaint; and

WHEREAS, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

WHEREAS, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

WHEREAS, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by her counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

WHEREAS, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Philip K. Davidoff Esq., FORD HARRISON, 60 East 42nd Street, 51st Floor, New York, NY, Tel: 212 453 5915 and

WHEREAS, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement") before Magistrate Judge Arlene R. Lindsay on January 19, 2017; and

WHEREAS, Plaintiff acknowledge that she has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiff acknowledge that she understands the meaning and effect of the execution of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

### 1. Settlement Amount and Method of Payment

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's general release of all claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will, within ten (10) of the Court's approval of the parties' settlement, provide Plaintiff with a settlement in the amount of Nineteen Thousand Dollars ($19,000.00).

The Settlement shall be payable on a schedule as set forth as follows:

a) Nineteen Thousand Dollars ($19,000.00), by check made payable to "Troy Law, PLLC, as attorney for Kum Khwai Luo Leong," shall be mailed or hand delivered to Troy Law PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355.

### 2. Missed/ Late Payment

b) If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but bounces or is otherwise non-depositable when presented for payment, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment and this charge will be paid with the payment.

### 3. Attorneys' Fees in the Event of Default

c) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

### 4. Default in Payment

d) In the event Defendants: 1)  breach this Settlement agreement by failing to make timely payment; and 2) fail to cure the default in payment within seven (7) business days of receiving notice of default, in accordance with the Notice provisions of paragraph  14 of this Agreement such breach shall result in default.

e) In the case of default, Plaintiff shall request the entry of Judgment in the amount of Thirty Eight Thousand Dollars ($38,000) plus interest accrued and costs associated with enforcing the judgment less payments already made.

f) Defendants agreed to having this amount entered against them in the event of default.

### 5. Tax

g) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

h)  Plaintiff and Defendants acknowledge that in the event that a taxing authority ultimately determines that any or all of the foregoing amounts constitute income for which taxes are due and owing, each party shall be solely responsible for the taxes attributable to him/ her (and not for the other parties' portion of the taxes on such payment, if any) and shall hold harmless and indemnify the other parties and/or their respective agents, insurers, and attorneys for the payment of all taxes attributable to him/ her.

i)  Except as set forth in this Paragraph 1, Plaintiff is not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that unless she enters into this agreement, she would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff each acknowledge and agree that after receipt of the consideration set forth in this Paragraph 1, she has each been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been entitled.

j)  The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants including but not limited to any and all claims arising from or concerning employment or the termination thereof, for actual damages, front pay, back pay, compensatory damages, liquidated damages, physical, mental and emotional injuries and pain and suffering, economic damage, damage to and loss of reputation, punitive damages, interest, attorneys' fees and costs and all claims which were or could have been in Plaintiff's Complaint and Amended Complaint and all other related matters.

### 6.  Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of her children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waives, discharges, and releases (i) MANUEL F. MARTINEZ, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) ANGELINA MARTINEZ, in her individual and corporate capacities, and her heirs, executors, administrators, attorneys, successors and assigns;  (iii) DAVID MARTINEZ, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iv) DIANE MARTINEZ, in her individual and corporate capacities, and her heirs, executors, administrators, attorneys, successors and assigns; (v) UTOPIA HOME CARE, INC. d/b/a Utopia Home Care and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (vi) UTOPIA COMPANION SERVICES, INC. d/b/a Utopia Home Care and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees ((i) through (vi) herein collectively "Releasees" for purposes of this Agreement) from any and all wage-and-hour actions, causes of action, claims, debts, losses, obligations, liabilities, charges, grievances,

complaints, suits, and/or demands concerning and arising from Plaintiff's employment with any Defendant.

This release includes the release for unpaid, inaccurate payment or nonpayment of wages and tips under any federal, state, or local law, including but not limited to federal and New York law (29 U.S.C. §201, *et seq*., New York Labor Law §§191, 193, 196-d, 198-b, 650, *et seq*., 652 and 653 and relevant sections of N.Y. Comp. Code R. & Regs.) and any other claims whatsoever alleged in the Complaint and Amended Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement.

Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiff further agrees and understand that she has each waived her right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by her or on her behalf arising from, or in any way relating to, her employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

### 7. Discontinuance of Claims

Plaintiff acknowledges and agrees that she is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or her representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees, including but not limited to, any and all claims asserted, or which could have been asserted, in the Complaint.

### 8. Agreement Not to File Suit/Arbitration for Past Acts

Plaintiff, for and on behalf of herself and each of her respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that she will not file or otherwise submit any claim, complaint, arbitration request or action to any court or judicial forum (nor will Plaintiff permit any person, group of persons, or organization to take such action on her behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees arising before execution of this Agreement. Plaintiff further

agrees that in the event that any person or entity should bring such a claim, complaint, or action on her behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort understand that the provision of this paragraph mean that she cannot bring a future lawsuit against Defendants arising out of any actions or failures to act arising before Plaintiff's execution of this Agreement.

### 9.  Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 10. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Eastern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 11. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to her other than those contained in this Agreement.

### 12. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 13. General Provisions

The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has

been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 14. Legal Counsel

Plaintiff is hereby advised of her right to consult with an attorney before signing this Agreement. Plaintiff hereby acknowledges that she was fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and singing of this Agreement.

### 15. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS, AND WITH THE ASSISTANCE OF LEGAL COUNSEL.**

**PLAINTIFF**

_____

KUM KHWAI LUO LEONG

3/4/2017
_____

**Dated:**

**DEFENDANTS**

UTOPIA COMPANION SERVICES, INC

UTOPIA HOME CARE, INC. d/b/a Utopia Home Care

By ;_____

By ;_____

**Name:**

**Name:**

**Title:**

**Title:**

_____

_____

**Dated:**

**Dated:**

been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 14. Legal Counsel

Plaintiff is hereby advised of her right to consult with an attorney before signing this Agreement. Plaintiff hereby acknowledges that she was fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and singing of this Agreement.

### 15. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS, AND WITH THE ASSISTANCE OF LEGAL COUNSEL.**

**PLAINTIFF**

_____
KUM KHWAI LUO LEONG

_____
**Dated:**

**DEFENDANTS**

UTOPIA HOME CARE, INC. d/b/a Utopia Home Care

By ; _____
Name: D Martinez
Title: Pres
Dated: 3/16/17

UTOPIA COMPANION SERVICES, INC

By ; _____
Name: D Martinez
Title: President
Dated: 3/16/17

MANUEL F. MARTINEZ

**Dated:** 3 / 16 / 7

ANGELINA MARTINEZ

**Dated:** 3 / 16 / 17

DAVID MARTINEZ

**Dated:** 3 / 16 / 17

DIANE MARTINEZ

**Dated:** 5 / 16 / 7

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
KUM KHWAI LUO LEONG, et al.,

        Plaintiff,    Case No.

    v.         **STIPULATION AND ORDER OF**
UTOPIA HOME CARE, INC. d/b/a Utopia Home **DISMISSAL WITH PREJUDICE**
Care, et al.

        Defendants.
--------------------------------------------------------------x

   IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel

for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the

Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or

attorneys' fees to any party, as to Plaintiff or Defendants. This Court retains jurisdiction to enforce

the Settlement Agreement and the Release of this action.

TROY LAW, PLLC     FORD HARRISON
*Attorneys for the Plaintiff*    *Attorneys for Defendants*

By:                 
John Troy (JT 0481)     Philip K. Davidoff Esq.
41-25 Kissena Blvd., Suite 119  60 East 42nd Street, 51st Floor
Flushing, NY 11355    New York, NY
Tel: 718 762 1324     Tel: 212 453 5915

SO ORDERED.

_____

WSACTIVELLP:9037045.1